HEDRICK *v.* SCHENLEY DISTILLERS, INC.

[No. 18,689.   Filed November 3, 1955.]

*Thomas J. Corey,* of Indianapolis, and *Philip R. Finkelmeier,* of Cincinnati, Ohio, for appellant.

*James V. Donadio, Jim A. O'Neal* and *Ross, McCord, Ice & Miller* (of counsel), all of Indianapolis, for appellee.

KELLEY, J.—More than two years from the date of the last payment of compensation for injuries sustained, appellant filed his application for adjustment of claim under the provisions of Sec. 45 of the Workmen's Compensation Act, being Sec. 40-1410, Burns' 1952 Replacement.

The Full Board found that the application was not filed within the two-year statutory period, that it, therefore, was without jurisdiction, and entered an award dismissing appellant's said application.

Appellant, appealing from this award and asserting that the appellee employer voluntarily furnished medical services for him subsequent to the date of the last payment of compensation, seeks to have us determine whether the furnishing of said medical services by appellee was payment of compensation within the meaning of said section of said Act, and whether, by so doing, appellee waived the statutory requirement or is estopped to assert it as a defense.

It appears, however, that upon the record presented, appellant's queries must, in this action remain unanswered.

The Full Board, in its finding and award, makes no

reference, finding, or statement concerning any medical services appellant may have received or that any such medical services were furnished by appellee. This, we think, was a material fact necessary to be established by appellant and found by the Board for, without it, it seems acknowledged that appellant's application was not filed in time.

Observing that the parties make no point of the matter, we have examined the record to ascertain whether the unfound fact was established by the evidence. The only evidence which, if in the record, would tend to establish the furnishing of medical service by appellee and the dates thereof is an entry entitled "stipulation;".

The said "stipulation;" purports to express that the parties stipulated that "if Dr. Ashton L. Welsh were call (called) to testify on behalf of the plaintiff he would testify that he treated plaintiff at the expense and instance of the defendant . . . under dates of March 11, 18, 25, April 1, 8, 15, 22, 29, May 10, 17, 24, 31, June 7, 14, 21, 28, July 5, 12, 19, 26, all in the year 1952 and also on some other occasions between July 26, 1952 to August 8, 1953." (Our brackets.) Immediately next following and as a part of the same entry, the attorney for the defendant objected "to the introduction and receiving in evidence of the testimony of Dr. Ashton L. Welsh" for stated reasons. The Hearing Member sustained said objection and appellant neither alleges nor argues any error with respect to such ruling, nor did he urge it before the Full Board.

It thus appears, we think, that there is no evidence in the record establishing or tending to establish that medical services were furnished by appellee to or for appellant. That the Board made no finding of the furnishing of any medical service by appellee manifests

that it considered there was no evidence before it tending to prove such fact.

The Board found, the record shows, and, as we understand, appellant admits that his application was not filed prior to the expiration of two (2) years from the last day for which compensation was paid under the original agreement approved by the Board. The Board, then, as it held, was without jurisdiction in the premises and appellant's application was correctly dismissed.

Award affirmed.

NOTE.—Reported in 129 N. E. 2d 571.